UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES FISHER,

    Plaintiff,

v.                                      CASE NO. 3:20-cv-279-J-34JBT

MENTAL HEALTH RESOURCE
CENTER and MRS. RACHEL R.
RITTER- ARNP,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on pro se Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, which the Court construes as a Motion to Proceed *In Forma Pauperis* ("Motion") (Doc. 2). For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED** and the case be **DISMISSED**.

In its prior Order (Doc. 7), the Court took the Motion under advisement and stated that Plaintiff's Complaint (Doc. 1) was deficient in numerous respects and

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

was largely illegible and incomprehensible. (Doc. 7 at 3.) It appears that Plaintiff is attempting to assert a claim for false imprisonment and kidnapping on behalf of his boyfriend. (*Id.*) Specifically, Plaintiff appears to allege that his boyfriend is being held against his will by Defendant Mental Health Resource Center. (Doc. 1 at 3.) He alleges that although his boyfriend's status is "voluntary," both he and his boyfriend have told Defendant that his boyfriend wants to leave. (*Id.*) However, Defendant is holding his boyfriend against his will. (*Id.*) Among other things, the Complaint requests $500,000,000.00 in damages. (*Id.* at 4.)

The Court previously stated that, based on the foregoing, "[t]o the extent Plaintiff is attempting to bring this action on behalf of another person, he likely lacks standing to do so. *See Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 166 (1972)." (Doc. 7 at 3.) The Court noted that "Plaintiff's Complaint contains no factual allegations to support either claim," and that "[t]o the extent the facts contained in the Complaint are discernible at all, they are insufficient to state a claim upon which relief may be granted." (*Id.* at 3–4.) The Court also recognized that there was "no sufficient basis alleged for federal jurisdiction despite Plaintiff's conclusory '8th Amendment' and 'RICO' labels." (*Id.* at 4.)

The Court also noted that "Plaintiff seeks relief that is not available in a civil lawsuit." (*Id.*) For example, Plaintiff requests that arrest warrants be issued for Defendants. (*Id.*) The Court stated that "Plaintiff has also filed a Motion for

2

Warrant seeking the same relief, and a Notice of Intent to Seek Death Penalty." (*Id.*)  The Court recognized that "[n]one of this relief is available in a civil lawsuit." (*Id.*)

Therefore, Plaintiff was ordered to "file an amended complaint in compliance with [the prior] Order" on or before May 8, 2020.  (*Id.*)  Plaintiff was cautioned that if he "fails to do so, the undersigned will likely recommend that the District Judge deny the Motion and dismiss this action."  (*Id.*)  To date, Plaintiff has not filed an amended complaint or taken any other action regarding this case.  For this reason, and the reasons stated in the prior Order, the undersigned recommends that this case be dismissed for Plaintiff's failure to state a claim on which relief may be granted and failure to prosecute.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 2**) be **DENIED**.
2. The case be **DISMISSED**.
3. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on May 18, 2020.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Pro Se Plaintiff